IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANYA HALLUM, et al.,

    Plaintiffs,

v.                                                       Case No. 17-00007 MV/SCY

FOUR CORNERS OB-GYN, et al.,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 46) and Plaintiffs' Motion to Stay Ruling on Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 54). These Motions were referred to me by United States District Judge Martha Vazquez on January 25, 2018 (Doc. 124). I held a hearing on these matters on May 16, 2018. For the following reasons, I recommend denying Plaintiffs' Motion to Stay Ruling on Plaintiffs' Motion for Leave to File Amended Complaint and granting in part and denying in part Plaintiffs' Motion for Leave to File Amended Complaint.

Plaintiffs moved to amend the Complaint on May 9, 2017. Doc. 46. Broadly speaking, the purpose of the amendment is to add claims against Dr. Elizabeth Baca. Plaintiffs represent that on April 12, 2017, they received information that Dr. Baca, not Defendant Dr. Pallister, was Nurse Nancy Rhien's supervising physician. Doc. 46 at 2. In response to Plaintiffs' Motion to Amend, Defendants contended, in part, that the Motion should be denied because Dr. Baca is a "qualifying health care provider" and Plaintiffs had not complied with the administrative prerequisites to assert malpractice claims against her. *See* NMSA 1978, § 41-5-15(A) ("No malpractice action may be filed in any court against a qualifying health care provider before application is made to the medical review commission and its decision is rendered.").

In recognition of their obligations under Section 41-5-15, Plaintiffs thereafter moved to stay ruling on the Motion to Amend in order to give them an opportunity to seek review by the medical review commission. Doc. 54. Plaintiffs filed the Motion to Stay on June 7, 2017. Doc. 54. In Defendants' response to Plaintiffs' Motion to Stay, Defendants represented that as of June 26, 2017, Defendants had received no notice as to Plaintiffs having filed an application with the medical review commission. Doc. 69 at 3.

At the hearing I held on May 16, 2018, I inquired regarding the status of Dr. Baca's medical review commission proceedings. Plaintiffs' counsel initially represented that he was unsure as to whether Plaintiffs had filed an application with the medical review commission because his co-counsel, who was not present, was handling that aspect of the case. *Motion Hearing*, 5/16/2018, 10:25-11:25. Later in the hearing, Plaintiffs' counsel represented that he received notification from his co-counsel that an application against Dr. Baca had been filed. *Motion Hearing*, 5/16/2018, 26:00. I inquired as to when the application was filed. Plaintiffs' counsel responded that he did not know the date but that his co-counsel indicated that the matter had been set for a hearing, though he did not know the date of the purported hearing. *Motion Hearing*, 5-16-2018, 26:30 – 27:30. In response to this representation, attorney Brendan O'Reilly, who is representing Dr. Baca before the medical board, represented that although Plaintiffs had filed a complaint against Dr. Baca with the medical board, his office had received no notification of an application having been filed against Dr. Baca with the medical review commission, much less that a hearing was scheduled before the commission.[1] *Motion Hearing,* 5/16/2018, 27:48. Mr. O'Reilly indicated that it was likely that Plaintiffs had mistakenly

---

[1] The medical review commission is the entity responsible for reviewing malpractice claims against health care providers covered by the Medical Malpractice Act. *See* NMSA 1978, § 41-5-14. Accordingly, it is the entity to which a potential plaintiff must submit an application in order to assert a medical practice claim against a qualifying health care provider. NMSA 1978, § 41-5-15. Conversely, the purposes of the medical board are to "issue licenses to qualified physicians, …discipline incompetent or unprofessional physicians, …and to aid in the rehabilitation of impaired physicians." NMSA 1978, § 61-6-1.

2

conflated their filing of a complaint with the medical board with their obligations under Section 45-5-15 to file an application with the medical review commission. *Motion Hearing*, 5/16/2018, 28:40. Plaintiffs' counsel acknowledged that Mr. O'Reilly may be correct. *Motion Hearing*, 5/16/2018, 29:05.

Given the indeterminacy of proceedings against Dr. Baca before the medical review commission, I recommend denying Plaintiff's Motion to Stay Ruling on the Motion to Amend. Although Plaintiffs filed this Motion nearly one year ago, it appears that they have not yet filed an application against Dr. Baca with the medical review commission. Granted, this failure may be due to Plaintiffs' conflation of the medical board with the medical review commission. Mistaken or not, I am not inclined to allow Plaintiffs' Motion to Amend to indefinitely remain on the docket while Plaintiffs pursue the required administrative proceedings against Dr. Baca. Further, when asked about prejudice, Plaintiffs stated that there would be little prejudice in the event they were required to refile the Motion to Amend once they had complied with the statutory prerequisites of the Medical Malpractice Act. Accordingly, the Motion to Stay should be denied.

Turning to the Motion to Amend, I further recommend granting in part and denying in part this Motion. In briefing, Plaintiffs proposed dismissing their claim for negligent infliction of emotional distress. Doc. 46 at 2-3. Defendants did not object to the withdrawal of this claim. Doc. 48 at 10. Accordingly, if it remains Plaintiffs' intention to withdraw this claim, I recommend permitting Plaintiffs to amend the Complaint to dismiss this claim.

In regard to the remaining amendments, however, I recommend that Plaintiffs' Motion be denied without prejudice to the extent that it seeks to assert claims against Dr. Baca at this time. As noted above, the statute is clear that "[n]o malpractice action may be filed in any court against

a qualifying health care provider before application is made to the medical review commission and its decision is rendered." Section 41-5-15. At the hearing, Plaintiffs contended that there existed some "ambiguity" in regard these statutory prerequisites despite the statute's language. The Court understands Plaintiffs to be contending that substantial compliance with the statutory prerequisites may be sufficient to permit a plaintiff to file suit despite no decision by the medical review commission being rendered. The Court does not have before it, however, any record of compliance with the statutory prerequisites. As a result, I recommend finding that the appropriate procedure at this point is to deny Plaintiffs' Motion without prejudice.

The present case is substantially similar to the facts in *Belser v. O'Cleireachain*, 2005-NMCA-073, 114 P.3d 303. In *Belser*, the plaintiff filed a complaint against a doctor before filing an application with the medical review commission. *Id.* at ¶ 1. Instead of immediately moving to dismiss, however, the defendant stipulated to a stay of proceedings until thirty days after the medical review commission issued its decision. *Id.* at ¶ 2. Approximately four months later, the defendant moved to lift the stay and dismiss the case because the plaintiff had apparently not taken in any action before the medical review commission. *Id.* The district court ultimately lifted the stay and dismissed the complaint without prejudice due to the plaintiff's failure to take any action before the medical review commission for over eight months. On appeal, the New Mexico Court of Appeals affirmed the district court's decision. In so doing, the court recognized that although filing an application with the medical review commission is not a jurisdictional prerequisite to filing suit, it remains a "mandatory procedural threshold." *Id.* at ¶¶ 6-7 (citing *Rupp v. Hurley*, 2002-NMCA-023, 41 P.3d 914). The court further noted that in such circumstances a dismissal without prejudice is the appropriate remedy. *Id.* at ¶ 9. In sum, the court concluded that the district court appropriately exercised its discretion to dismiss the

complaint without prejudice due to the plaintiff's delay in initiating proceedings before the medical review commission. *Id.*

For similar reasons, I recommend denying Plaintiffs' Motion in regard to claims against Dr. Baca. Plaintiffs have had ample time to properly initiate proceedings before the medical review commission. Having failed to do so, the appropriate procedure is to deny Plaintiffs' Motion without prejudice. Assuming Plaintiffs file with medical review commission, once it issues its decision, Plaintiff may refile their Motion to Amend, if they so choose.

_____
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**