IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TANYA HALLUM, Personal
Representative of the Estate of
Charlie Hallum, TANYA HALLUM,
Individually, and JESSE HALLUM,
Individually,

      Plaintiffs,

v.                                              Civ. No. 17-007 MV/SCY

FOUR CORNERS OB-GYN,
A PROFESSIONAL LLP,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on (1) Plaintiffs' Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 139), filed March 1, 2019; and (2) Plaintiffs' Revised Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 155), filed April 30, 2019. On April 1, 2019, pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), United States District Judge Martha Vázquez referred this matter to me. Doc. 152. Consistent with that Order of Reference, through this Proposed Findings and Recommended Disposition ("PFRD"), I recommend that the Court (1) deny Plaintiffs' Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 139) as moot and (2) deny on its merits Plaintiffs' Revised Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 155).

## Background

Plaintiffs allege that Defendants Four Corners OB-GYN ("Four Corners") and Dr. Mareca Pallister provided Tanya Hallum with negligent prenatal care, resulting in the premature

birth and death of her son, Charlie Hallum, and that they provided her with negligent medical care after her pregnancy. Plaintiffs filed suit in this Court on January 5, 2017, alleging medical malpractice (Count I), negligence- failure to publish safety protocols (Count II), wrongful death/ loss of chance of life (Count III), loss of consortium (Count IV), unfair trade practices (Count V), medical negligence (Count VI), physician battery (Count VII), negligent infliction of emotional distress (Count VIII), negligent hiring, retention, and training/ supervision of Dr. Pallister (Count IX), negligent hiring, retention, training/supervision of Nancy Rhein (Count X), and punitive damages (Count XI). Doc. 1.

On May 8, 2017, Plaintiffs moved to file their First Amended Complaint. Doc. 46. I recommended that the Court grant the Motion in part by allowing Plaintiffs to withdraw their claim for negligent infliction of emotional distress. Doc. 130 at 3. I further recommended that the Motion be denied without prejudice as to Plaintiffs' request to add an additional defendant, Dr. Elizabeth Baca. *Id.* at 3-5. Judge Vázquez, the presiding judge, adopted that recommendation on June 28, 2018. Doc. 131. Plaintiffs, however, did not file an amended complaint withdrawing their claim for negligent infliction of emotional distress. On September 28, 2018, the Court granted, for lack of personal jurisdiction, Dr. Palliser's Motion to Dismiss. Doc. 132. This left Four Corners as the only remaining Defendant.

On March 1, 2019, Plaintiffs filed a second motion for leave to file their First Amended Complaint, this time seeking to amend their Complaint to "clarify the Complaint as well as remove co-Defendant Dr. Pallister, and include a further factual predicate for the medical negligence claim." Doc. 139 at 1. Defendant Four Corners filed a response on March 15, 2019. Doc. 142. On March 18, 2019, while the Motion to Amend was pending, the Court granted in part Defendant Four Corners' Motion for Partial Dismissal as follows: Counts I, II, III, IV, and VI

remain viable as to Defendant Four Corners; Count I may be pursued only on behalf of Tanya Hallum; Counts III and IV may be pursued by Tanya and Jesse Hallum; Counts IX and X are dismissed without prejudice; and Counts V and VII are dismissed with prejudice**.** Doc. 143. Following that Order, Defendant Four Corners requested it be allowed to file a supplemental response to Plaintiffs' Second Motion for Leave to File First Amended Complaint. Doc. 145. Defendant Four Corners attached its proposed supplemental response to its Motion (Doc. 145-1) and the Court granted Defendant's request, accepting the supplement as filed with the Court (Doc. 149). Plaintiffs filed a reply on March 27, 2019. Doc. 150.

At the request of the parties, the Court held a status conference on April 9, 2019. Doc. 153. During the conference, Plaintiffs requested the opportunity to propose another version of the First Amended Complaint in light of the recent Order on Defendant Four Corners' Motion to Dismiss. *Id.* The Court granted that request and set a supplemental briefing schedule. *Id.* On April 30, 2019, Plaintiffs filed their Revised Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 155), making their original motion to file the First Amended Complaint (Doc. 139) moot. Defendant Four Corners filed a response on May 14, 2019 (Doc. 156), and Plaintiffs filed a reply on May 28, 2019 (Doc. 158).

## Analysis

Under Federal Rule of Civil Procedure 15(a)(2), once the time for amending a pleading as a matter of course has expired, a party may only amend a pleading "with the opposing party's written consent, or the court's leave." "The court should freely give leave when justice so requires." *Id.* However, if the deadline established by the court for amendments has passed, the movant must also establish good cause under Rule 16(b)(4) to amend the scheduling order. Fed. R. Civ. P. 16(b)(4) (a scheduling order may be modified "only for good cause and with the

3

judge's consent."); *see also Gorsuch Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014). Indeed, this Court's Scheduling Order reminded the parties that

> Federal Rule of Civil Procedure 16 requires that the Court set a deadline for amendment of pleadings and joinder of parties. A party seeking to amend the pleadings after the above dates must both demonstrate good cause to amend the scheduling order as required by Federal Rule of Civil 16(b) and satisfy the requirements for amendment under Federal Rule of Civil Procedure 15(a).

Doc. 31 at 2 n.1; Doc. 36 at 2 n.1 (citing *Gorsuch*, 771 F.3d at 1242).

In this case, the Court entered a Scheduling Order for discovery between Plaintiffs and Defendant Four Corners on April 3, 2017 (Doc. 31), and an Amended Scheduling order, to correct a typographical error, on April 4, 2017 (Doc. 36). Those Orders provided that Plaintiffs must move to amend pleadings or add additional parties by May 16, 2017. Docs. 31, 36. In the years following the entry of the Scheduling Order, the Court, at the request of parties, has extended many case management deadlines, but it has never extended Plaintiffs' amendment deadline. *See* Docs. 92, 105, 123, 127, 134, 147. Accordingly, Plaintiffs had until May 16, 2017 to move to amend their Complaint without having to demonstrate good cause. Because Plaintiffs filed the present Revised Motion for Leave to File First Amended Complaint almost two years later, on April 30, 2019, they must show good cause to extend the deadline to amend their Complaint.

The good cause standard requires the movant "to show the scheduling deadlines cannot be met despite [the movant's] diligent efforts." *Gorsuch*, 771 F.3d at 1240 (quotations omitted). In this way, "Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, No. CIV 02-1146 JB/LFG, 2007 WL 2296955, at *3 (D.N.M. June 5, 2007). Examples of good cause include "if a plaintiff learns new information through discovery or if the

4

underlying law has changed." *Gorsuch*, 771 F.3d at 1240. If, however, "the plaintiff knew of the underlying conduct but simply failed to raise tort claims, . . . the claims are barred." *Id.*

Plaintiffs do not specifically argue that there is good cause to extend the Scheduling Order. Rather, they assert that "discovery has not yet been undertaken" (Doc. 158 at 3), and that discovery is in its early stages (Doc. 155 at 2). However, the Court entered its Scheduling Order over two years ago. *See* Docs. 31, 36. Plaintiffs assert that "[n]o discovery [was] possible during the Personal Jurisdiction Motion, and the case remained on hold until the Court's remaining Order was entered in March 18, 2019" (Doc. 158 at 6). The record refutes this assertion. While the Court permitted only limited jurisdictional discovery as to Dr. Pallister, it allowed merits discovery as to the claims against Four Corners.[1] *See* Docs. 28, 31, 36. Thus, contrary to Plaintiffs' assertion, merits discovery as to Four Corners, the only remaining Defendant, has been ongoing since April 4, 2017. Indeed, Defendant Four Corners filed a Motion to Compel on July 28, 2017 in which it sought a Court order that required Plaintiffs to provide discovery related to Plaintiffs' complaint against Four Corners. Doc. 96. The Court held a hearing on this Motion and, on October 27, 2017, entered an Order granting it in part and denying it in part. Doc. 119. Further, on April 16, 2018, the Court extended the parties' deadline to complete discovery, but specifically ordered "that the deadline for defendants' expert endorsements is unchanged and will remain due sixty days after receipt of the transcript of Plaintiff Tanya Hallum's completed deposition." Doc. 127. This Order makes clear that the Court expected the parties to engage in merits discovery related to Four Corners, to include the taking of Plaintiff

---

[1] Defendants objected to bifurcating discovery and requested a stay of discovery while the Motions to Dismiss were pending. Doc. 28. Plaintiffs made no such objection and the Court bifurcated discovery over Defendants' objections. *Id.*

Tanya Hallum's deposition. Thus, the record demonstrates that not only was merits discovery related to Defendant Four Corners possible, it was expected.

Indeed, the status of discovery to date provides a reason to deny, rather than grant, Plaintiffs' motion to amend. The Court has already granted the parties multiple extensions of the discovery deadlines such that, as of the current deadline of September 23, 2019, the parties will have had nearly two and one-half years to complete discovery. Granting Plaintiffs' motion to amend will only unnecessarily further delay completion of discovery that has already been on a track stretched to its limits.

Plaintiffs' assertion that "discovery has not yet been undertaken" (Doc. 158 at 3) also conflicts with their assertion elsewhere that "[a]fter discovery and preliminary briefing has been conducted in this case, it has created the necessity to clarify the Complaint" to include providing "a further factual basis for the medical negligence claims." (Doc. 155 at 1-2). Yet, even ignoring Plaintiffs' contradictory assertion that no discovery was possible, their general statement that discovery has revealed a need to supplement the Complaint with additional facts fails to provide good cause to amend the scheduling order. Plaintiffs offer no details about the new factual predicate or why that information could not have been pled earlier. *See Gorsuch*, 771 F.3d at 1240. Nowhere do Plaintiffs specifically identify new facts, much less explain how any new facts relate to any of their causes of action. And, because Plaintiffs inexplicably removed all headings and separately numbered counts from their proposed First Amended Complaint, the Court cannot determine without great effort what information Plaintiffs have deleted, added, or revised. In short, rather than clarifying the Complaint following Judge Vázquez's Order, Plaintiffs' proposed First Amended Complaint creates confusion.

Defendant Four Corners posits that Plaintiffs' proposed First Amended Complaint contains "original tortfeasor" language in an "attempt to back-door a vicarious liability claim for Dr. Pallister's care that this Court made clear is not available." Doc. 156 at 2, 4-6. In Reply, Plaintiffs represent that "there are no new claims, but only recognition of the Court's Memorandum Opinion and Order, as the basis for the First Amended Complaint, with the addition of facts that support the negligent training, supervision and retention of Physician Assistant Rhien." Doc. 158 at 4-5. Plaintiffs' "original tortfeasor" references, however, are not facts; they are a theory of liability. Given that the "original tortfeasor" language Plaintiffs seeks to add neither constitutes a new cause of action (according to Plaintiffs themselves) nor additional facts, Plaintiffs have failed establish good cause to amend the scheduling order so that this language can be included in the operative complaint.

Finally, Plaintiffs assert that because the Court set a briefing schedule for their Revised Second Motion for Leave to File First Amended Complaint, and because Defendant Four Corners did not object to the briefing schedule, Defendant waived the argument that Plaintiffs' motion to amend is untimely. Doc. 158 at 6. Not surprisingly, Plaintiffs offer no authority for this untenable position. By agreeing to a schedule through which Plaintiffs could present their argument, Defendant Four Corners did not waive its right to contest the merits of that argument. Defendant simply registered no objection to the schedule the Court proposed for the parties to file briefs *the Court requested* in an effort to provide Plaintiffs an opportunity to make a good cause showing. Having been provided such an opportunity, Plaintiffs failed to meet their burden to demonstrate good cause. *See Gorsuch*, 771 F.3d at 1240.

Because Plaintiffs have not shown good cause under Rule 16 to amend the Scheduling Order, the Court need not address whether the amendment is proper under Rule 15. *See Gorsuch*,

771 F.3d at 1241 ("We now hold that parties seeking to amend their complaints after a scheduling order deadline must establish good cause for doing so."); *id.* at 1242 ("Having concluded [the movant] lacked good cause to amend their pleadings after the scheduling order deadline, we need not reach the Rule 15(a) issue . . . ."). Accordingly, I recommend denying Plaintiffs' request to file the First Amended Complaint.

In addition to amending the Complaint, Plaintiffs seek to interlineate the caption to reflect the dismissed party. Doc. 155 at 2. Defendant Four Corners "does not oppose Plaintiffs' request to interlineate the caption to remove Dr. Mareca Pallister as a Defendant, but [believes] it is not necessary for Plaintiffs to file an amended complaint to accomplish this goal." Doc. 156 at 1 n.1. The Court agrees, and recommends that the caption be amended to reflect that Dr. Pallister has been terminated as a Defendant, without the need for Plaintiffs to file an amended complaint.

## **Recommendations**

For the above stated reasons, I recommend as follows:

1) Deny as moot Plaintiffs' Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 139);

2) Deny Plaintiffs' Revised Second Motion for Leave to File First Amended Complaint and Interlineate Caption (Doc. 155); and

3) Amend the caption to reflect that Dr. Mareca Pallister is no longer a defendant in this matter.

_____
STEVEN C. YARBROUGH
United States Magistrate Judge

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**