UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TANYA HALLUM, Personal Representative of the Estate of Charlie Hallum,
TANYA HALLUM, Individually,
and JESSE HALLUM, Individually,

    Plaintiffs

v.                                                          No. 17-cv-00007-MV-SCY

FOUR CORNERS OB-GYN, A PROFESSIONAL
LLP, and DR. MARECA PALLISTER, Individually,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiffs' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(6) from Order to Dismiss Defendant Dr. Pallister for Lack of Jurisdiction and Motion to Transfer Jurisdiction to Federal District Court of Colorado pursuant to 28 U.S.C. § 1631 [Doc. 140]. The Court, having considered the motion and relevant law, finds that the motion is well-taken in part and will be granted in part.

### BACKGROUND

Plaintiffs Tanya Hallum and Jesse Hallum are residents of San Juan County. Doc. 1 (Complaint) at ¶¶ 3–5. Ms. Hallum is the Personal Representative of Charlie Hallum's estate. *Id.* at ¶ 4. On or about September 1, 2014, Ms. Hallum learned she was pregnant with Charlie Hallum and became a patient of Defendants Four Corners OB/GYN ("FC") and Dr. Mareca Pallister. *Id.* at ¶ 16. FC is a professional LLP in a Colorado corporation. *Id.* at ¶ 7. Dr. Pallister was a member of FC and employed as a gynecologist at FC. *Id.* at ¶ 9. Dr. Pallister classified Ms. Hallum's pregnancy as high risk. *Id.* at ¶ 18. Ms. Hallum followed her gynecologist's recommendations and consistently went in for pre-natal examinations. *Id.* at ¶ 17.

1

On or about January 6, 2015, Ms. Hallum visited FC's Aztec, New Mexico office for an unscheduled examination due to pain in her reproductive system and was seen by Nancy Rhien. Doc. 1 at ¶¶ 20–21. Ms. Rhien is an employee of FC.[1] *Id.* at ¶ 21. Ms. Rhien checked Ms. Hallum's vital signs but did not examine her to determine the cause of her pain, nor did she refer her to a doctor for further investigation of the pain. *Id.* at ¶¶ 21–23. Instead, Ms. Rhien informed Ms. Hallum that everything was fine. *Id.* at ¶ 24.

Ms. Hallum's symptoms continued and she visited FC's Durango, Colorado office on January 8, 2015. *Id.* at ¶ 26. Ms. Rhien again checked Ms. Hallum's vital signs but did not examine her or refer her to a doctor for further care. *Id.* at ¶¶ 27–29. Ms. Hallum was again told that everything was fine with her pregnancy, and that she did not need to take any precautions. *Id.* at ¶ 30. On or about January 11, 2015, Ms. Hallum gave birth to Charlie Hallum, who was born approximately four months premature and "lived for a short duration." *Id.* at ¶ 32.

At some point thereafter, Dr. Pallister counseled Ms. Hallum to receive an Essure birth control device. *Id.* at ¶ 33. Ms. Hallum consented and underwent a procedure, on or about March 19, 2015, to implant the Essure birth device. *Id.* at ¶¶ 34–36. However, on or about May 6, 2015, Ms. Hallum was informed that Dr. Pallister had implanted three Essure birth devices, which had to be removed. *Id.* at ¶ 37. As a result of the implantation of the three devices, Ms. Hallum underwent an unwanted hysterectomy. *Id.*

Based on these allegations, Plaintiffs commenced the instant action on January 5, 2017. The Complaint alleges medical malpractice (Count I); negligent failure to publish safety protocols (Count II); wrongful death/loss of chance of life (Count III); loss of consortium (Count IV); unfair trade practices (Count V); medical negligence (Count VI); physician battery (Count

---

[1] Although the Complaint alleges that Ms. Rhien was also an employee of Dr. Pallister, Plaintiffs later withdrew this assertion upon learning that Dr. Pallister did not employ Ms. Rhien. *See* Doc. 46.

VII); negligent infliction of emotional distress (Count VIII);[2] negligent hiring, retention, and training/supervision of Dr. Pallister (Count IX); and negligent hiring, retention, and training/supervision of Nancy Rhien (Count X). Plaintiffs seek punitive damages (Count XI). Except for Count VII directed towards Dr. Pallister specifically, and Counts VII, IX, and X referring only to a singular defendant, each count appears to be alleged against both Dr. Pallister and FC.

On March 17, 2017, Dr. Pallister filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure [Doc. 20], and a motion in the alternative for partial dismissal of Plaintiffs' claims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. 21]. In her Rule 12(b)(6) motion, Dr. Pallister sought dismissal of all but two of Plaintiffs' claims as against her, specifically stating that Plaintiffs' claims for medical malpractice (Count I) and physician battery (Count VII) were "viable" claims against Dr. Pallister, "based on the sterilization procedure." Doc. 21 at 4. On the same day, FC filed a motion for partial dismissal of Plaintiffs' claims pursuant to Rule 12(b)(6) [Doc. 19]. In its motion, FC sought dismissal of all but one of Plaintiffs' claims as against it, namely, Plaintiffs' medical malpractice claim arising out of Ms. Rhien's prenatal care of Ms. Hallum (Count I). Doc. 19 at 3.

In a Memorandum Opinion and Order entered on September 28, 2018, the Court granted Dr. Pallister's motion to dismiss for lack of personal jurisdiction ("September 2018 Opinion") [Doc. 132]. Specifically, the Court found that, because Plaintiffs failed to establish either general or specific jurisdiction over Dr. Pallister in New Mexico, Dr. Pallister did not have the

---

[2] Plaintiffs' Motion for Leave to File an Amended Complaint Pursuant to Fed. R. Civ. P. 15 (Doc. 46) was granted in part and denied in part. As a result of the Court's ruling, this allegation of negligent infliction of emotional distress was dismissed. *See* Doc. 131, Order accepting Magistrate Judge's Report and Recommendation Doc. 130.

minimum contacts with the forum state constitutionally required for this Court to exercise personal jurisdiction over Dr. Pallister. Doc. 132 at 6-10. Based on this finding, the Court granted Dr. Pallister's motion and dismissed the action as against her. *Id.* at 10. The Court did not consider, as an alternative to dismissal, transferring this case to the proper venue. The Court's disposition of Dr. Pallister's Rule 12(b)(2) motion rendered moot Dr. Pallister's alternative Rule 12(b)(6) motion.

In a Memorandum Opinion and Order entered on March 18, 2019, the Court granted in part FC's partial motion to dismiss ("March 2019 Opinion") [Doc. 143]. Specifically, the Court held as follows: Plaintiffs' medical malpractice claim (Count I) remains viable to the extent that it alleges claims against FC by Ms. Hallum based on the allegedly negligent care provided by Ms. Rhien; Plaintiffs' claims for negligent failure to publish safety protocols (Count II) and medical negligence claim (Count VI) remain viable to the extent that they are not based on the independent medical judgment of Dr. Pallister; Plaintiffs' wrongful death claim (Count III) remains viable; Plaintiffs' loss of consortium claim (Count IV) remains viable only as it applies to Ms. Hallum personally and Jesse Hallum; Plaintiffs' unfair trade practices claim (Count V) is dismissed, as New Mexico law cannot give rise to a claim for relief; to the extent that Plaintiffs intended to bring their physician battery claim (Count VII) against FC in addition to Dr. Pallister, that claim is dismissed as to FC under the corporate practice of medicine doctrine; Plaintiffs' negligent infliction of emotional distress claim (Count VIII) was withdrawn by Plaintiffs; Plaintiffs' negligent hiring, retention, and training/supervision claims (Counts IX and X) are dismissed; and Plaintiffs' claim for punitive damages (Count XI) is stricken, as it does not set forth a separate claim for relief. Doc. 143.

Thereafter, Plaintiffs filed the instant motion seeking reconsideration of the September 2018 Opinion. Plaintiffs do not disagree with the Court's finding that New Mexico lacks jurisdiction over Dr. Pallister but argue that the Court invoked the wrong remedy by dismissing this action as to Dr. Pallister rather than transferring Plaintiffs' claims against Dr. Pallister to the proper venue. Dr. Pallister and FC both oppose the motion.

## DISCUSSION

Plaintiffs characterize their motion as one for relief from judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, a catch-all provision stating that, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [] reason that justifies relief." Fed. R. Civ. P. 60(b)(6). As there has been no final judgment entered in this case, the Court instead construes Plaintiffs' motion as one invoking the Court's "discretion," pursuant to Rule 54(b), "to revise interlocutory orders prior to entry of final judgment." *Trujillo v. Bd of Educ. of Alb. Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007); *see also Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 1988) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under Rule 54(b), "a district court can freely reconsider its prior rulings," and there is "no limit or governing standard on the district court's ability to do so, other than that it must do so 'before entry of judgment.'" *Lujan v. City of Santa Fe*, 122 F. Supp. 3d 1215, 1238 (D.N.M. 2015). Further, "[t]he Tenth Circuit has not cabined district courts' discretion beyond

what [R]ule 54(b) provides: '[D]istrict courts generally remain free to reconsider their earlier interlocutory orders.'" *Id.* (quoting *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007). This Court thus has "the general discretionary authority to review" its September 2018 Opinion, and is not bound by any standard of review in the process. *Trujillo*, 212 F. App'x at 765.

As noted above, after finding that jurisdiction was lacking over Dr. Pallister, the Court dismissed Dr. Pallister from this action. The Court continues to hold that New Mexico lacks jurisdiction over Dr. Pallister. Upon reanalysis, however, it appears that, before dismissing Dr. Pallister, controlling precedent required the Court first to consider whether the jurisdictional defect could be cured by transferring Plaintiffs' claims against Dr. Pallister to the proper venue.

The Tenth Circuit has held that "[a] court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. § 1406(a) and 1631, when it is in the interests of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The Supreme Court, prior to the enactment of § 1631, "expressly included the lack of personal jurisdiction as one of the procedural defects that can be remedied by a § 1406 transfer." *Trujillo*, 465 F.3d at 1223 n. 15. Section 1631 provides:

> Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

The Tenth Circuit has "held that § 1631 applies in cases where either subject matter jurisdiction or personal jurisdiction is lacking." *Trujillo*, 465 F.2d at 1223 n. 15. Further, "[b]ased on the mandatory language" of §§ 1406(a) and 1631, the Tenth Circuit "has determined that the plaintiff need not first file a motion to transfer." *Id.* Importantly, the Tenth Circuit has "directed that, after the enactment of § 1631, where the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course is to transfer the action pursuant to § 1631." *Id.* (citations omitted).

In *Trujillo*, the district court below had found that New Mexico lacked personal jurisdiction over certain of the defendants. *Id.* at 1215. As a result, the district court dismissed without prejudice the plaintiff's claims against those defendants. *Id.* Although the district court "noted" in its opinion that it had discretion to transfer or dismiss the plaintiff's claims against certain defendants for lack of venue, there was "no indication that the district court actually evaluated the possibility of transferring [the plaintiff's] claims under § 1631, and it provided no reasons for dismissing rather than transferring pursuant to § 1406(a)." *Id.* at 1223.

On appeal, the Tenth Circuit held that "[w]here, as here, 'a district court does not exercise its discretion, or makes a decision without providing reasons, it abuses that discretion.'" *Id.* (citation omitted). As a result, the Tenth Circuit "remand[ed] the issue to the district court for a determination of whether [the plaintiff's] claims against the Virginia defendants should be transferred rather than dismissed without prejudice pursuant to the federal transfer statutes." *Id.* The Tenth Circuit instructed the district court to consider on remand the following factors "warranting transfer rather than dismissal, at least under § 1631": "finding that the new action would be time barred; that the claims are likely to have merit; and that the original action was

filed in good faith rather than after plaintiff either realized or should have realized that the forum in which he or she filed was improper." *Id.* (citations omitted).

Here, as in *Trujillo*, the Court determined that it lacks personal jurisdiction over Dr. Pallister but did not evaluate the possibility of transferring Plaintiffs' claims against Dr. Pallister, and thus provided no reasons for dismissing Dr. Pallister from the action rather than transferring Plaintiffs' claims against her to the proper venue. The Court recognizes that, under *Trujillo*, this was an abuse of its discretion, regardless of Plaintiffs' failure to "first file a motion to transfer." *Id.* Accordingly, exercising its discretion under Rule 54(b), the Court revisits its decision in order to determine, as it must, whether the factors identified in *Trujillo* warrant transfer of Plaintiffs' claims against Dr. Pallister rather than dismissal of Dr. Pallister from this action.

As an initial matter, the parties agree, and the Court finds, that a federal district court in Colorado would have jurisdiction over Dr. Pallister. Accordingly, because this case "could have been brought" in Colorado, this case may properly be transferred to Colorado, if an analysis of the relevant factors demonstrates that it is in the interests of justice to do so.

As to the first factor, it is undisputed that Plaintiffs' claims against Dr. Pallister, if brought anew in Colorado, would be time-barred. Defendants argue that Plaintiffs are to blame for this fact as they "had – but let slip – a 90-day grace period to re-file in Colorado <u>after</u> this court ruled it lacked personal jurisdiction." Doc. 141 at 11 (emphasis in original). That Plaintiffs may be to blame does not change the reality that their claims would be time-barred, and this factor thus weighs in favor of transfer.

Next, the Court finds that Plaintiffs' claims against Dr. Pallister are likely to have merit. The Complaint alleges that Dr. Pallister advised Ms. Hallum to receive an Essure birth control device and then performed a procedure to implant such a device, during which Dr. Pallister

8

implanted three devices rather than one device and as a result of which Ms. Hallum was forced to undergo an unwanted hysterectomy. In her Rule 12(b)(6) motion, Dr. Pallister admits that, based on these allegations, Ms. Hallum has two viable claims against her, namely negligent medical care and physician battery. Doc. 21 at 4. Notably, Dr. Pallister did not move to dismiss those claims for failure to state a claim. Although Dr. Pallister mentioned in her motion, briefly and without support, that these claims are "factually defensible," *id.*, she has provided no basis for the Court to conclude at this juncture that Ms. Hallum's claims are unlikely to have merit.

Equally unavailing is Defendants' attempt to minimize the significance of Ms. Hallum's claims against Dr. Pallister. Namely, Defendants argue that "almost all of Plaintiffs' numerous claims against Dr. Pallister were subject to dismissal on their face, with the exception of two claims by just one (not all three) of the plaintiffs." Doc. 141 at 11. The Court cannot agree that Ms. Hallum's experience of an unwanted hysterectomy as a result of the implantation procedure performed by Dr. Pallister, or the medical malpractice and physician battery claims arising therefrom, are of so little significance that transferring Ms. Hallum's claims against Dr. Pallister to the proper venue would "raise false hopes" or "waste judicial resources." *See id.* Accordingly, the second factor weighs in favor of transfer.

Third, the Court does not find evidence that Plaintiffs commenced the action in this Court, rather than in a Colorado court, in bad faith. Plaintiffs continue to explain that they filed their case as a "single suit in New Mexico" because this is "where the original tortfeasor's actions began." Doc. 148 at 10. To be sure, Plaintiffs should have worked more diligently to determine whether Dr. Pallister would be subject to personal jurisdiction in New Mexico before commencing suit here. Nonetheless, the history of this litigation strongly suggests that Plaintiffs' failure to realize that this Court was not the proper forum is attributable to ineptness

rather than bad faith. While very disappointed in Plaintiffs' counsel's handling of this matter, the Court is not convinced that Plaintiffs' misguided decision to commence this action in New Mexico, where the unfortunate events at issue here began, rises to the level of bad faith. The third factor thus also weighs in favor of transfer.

Accordingly, applying the *Trujillo* factors, the Court finds that it is in the interests of justice to transfer Plaintiffs' claims against Dr. Pallister. This finding, coupled with the Court's earlier finding that it lacks jurisdiction over Dr. Pallister, mandates that "the court course" is to transfer Plaintiffs' claims against Dr. Pallister to Colorado. *Trujillo*, 465 F.2d at 1223 n. 15.

Plaintiffs request that the Court, pursuant to Rule 21 of the Federal Rules of Civil Procedure, sever their claims against Dr. Pallister from the remainder of their claims and transfer only the claims against Dr. Pallister to Colorado. Doc. 140 at 7. Rule 21 provides that "[t]he court may sever any claim against a party." Fed. R. Civ. P. 21. Plaintiffs, however, provide no reasoned basis for the Court to invoke Rule 21 here.

Indeed, as Defendants argue, severing Plaintiffs' claims against Dr. Pallister "would result in unwarranted judicial inefficiencies," "parallel litigation and trial in two states arising out of the same facts," and the possibility of "inconsistent rulings," "inconsistent judgments, and improper double-recovery." Doc. 141 at 13. Accordingly, in the interest of judicial efficiency, to prevent such untoward consequences, and in recognition of the fact that FC and Dr. Pallister are represented by the same counsel, the Court will transfer all of Plaintiffs' claims in this action to Colorado. Specifically, Plaintiffs' claims against Dr. Pallister will be transferred pursuant to §§ 1406(a) and 1631, as mandated by *Trujillo*, and Plaintiffs' claims against FC will be transferred, "for the convenience of the parties and witnesses [and] in the interest of justice," pursuant to 28 U.S.C. § 1404(a). 28 U.S.C. § 1404(a) ("For the convenience of parties and

witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.").

## CONCLUSION

As set forth in the September 2018 Opinion, personal jurisdiction is lacking over Dr. Pallister. This Court was required, before dismissing Dr. Pallister from this action, first to consider whether the jurisdictional defect could be cured by transferring Plaintiffs' claims against Dr. Pallister to the proper venue. Exercising its discretion under Rule 54(b), the Court revisits its earlier decision and finds that, under the relevant factors, it is in the interests of justice to transfer Plaintiffs' claims against Dr. Pallister to Colorado. Accordingly, the September 2018 Opinion is hereby modified to reflect that the claims against Dr. Pallister will be transferred to Colorado rather than dismissed from this action. The September 2018 Opinion is hereby further modified to reflect that the claims against FC will also be transferred to Colorado, so that the entire case may proceed as one.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(B)(6) from Order to Dismiss Defendant Dr. Pallister for Lack of Jurisdiction and Motion to Transfer Jurisdiction to Federal District Court of Colorado Pursuant to 28 U.S.C. § 1631 [Doc. 140] is **GRANTED IN PART**, as follows: the Court's Memorandum Opinion and Order entered on September 18, 2018 [Doc. 132] is hereby modified to reflect that, rather than granting Dr. Pallister's Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) [Doc. 20], the Court transfers this action to the United States District Court for the District of Colorado, pursuant to 28 U.SC. §§ 1404(a), 1406(a), and 1631.

**IT IS FURTHER ORDERED** that the Clerk of this Court is directed to transfer this action to the Unites States District Court for the District of Colorado.

DATED this 19th day of December, 2019.

_____
MARTHA VÁZQUEZ
United States District Judge